698 S.E.2d 808

**In the Matter of Jonathan L.B. DAVIS, Respondent.**

Supreme Court of South Carolina.

Aug. 25, 2010.

## ORDER

On January 5, 2010, respondent was arrested and charged with driving under the influence, driving with an expired license tag, and violation of the open container law. On April

---

9, 2010, respondent was arrested and charged with driving under the influence. The Office of Disciplinary Counsel has filed a petition asking this Court to place respondent on interim suspension pursuant to Rule 17(a) and (b), RLDE, Rule 413, SCACR, and seeking the appointment of an attorney to protect respondent's clients' interests pursuant to Rule 31, RLDE, Rule 413, SCACR. Respondent has filed a return opposing the petition.

IT IS ORDERED that respondent's license to practice law in this state is suspended until further order of the Court.

IT IS FURTHER ORDERED that J. Calhoun Watson, Esquire, is hereby appointed to assume responsibility for respondent's client files, trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain. Mr. Watson shall take action as required by Rule 31, RLDE, Rule 413, SCACR, to protect the interests of respondent's clients. Mr. Watson may make disbursements from respondent's trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain that are necessary to effectuate this appointment.

This Order, when served on any bank or other financial institution maintaining trust, escrow and/or operating accounts of respondent, shall serve as an injunction to prevent respondent from making withdrawals from the account(s) and shall further serve as notice to the bank or other financial institution that J. Calhoun Watson, Esquire, has been duly appointed by this Court.

Finally, this Order, when served on any office of the United States Postal Service, shall serve as notice that J. Calhoun Watson, Esquire, has been duly appointed by this Court and has the authority to receive respondent's mail and the authority to direct that respondent's mail be delivered to Mr. Watson's office.

This appointment shall be for a period of no longer than nine months unless request is made to this Court for an extension.

IT IS SO ORDERED.

/s/Jean H. Toal, C.J.
FOR THE COURT